UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

RODERICK BURKS                         CIVIL ACTION NO. 14-0973

VERSUS                                 JUDGE ROBERT G. JAMES

JAY RUSSELL, ET AL.                    MAG. JUDGE KAREN L. HAYES

<u>RULING</u>

Pending before the Court is Defendants' Motion for Summary Judgment [Doc. No. 10],
in which they argue Plaintiff Roderick Burks' 42 U.S.C. § 1983 claims have prescribed.  For the
following reasons, the motion is DENIED.

I.    FACTS AND PROCEDURAL BACKGROUND

On April 15, 2012, Cameron Brown ("Brown") was beaten unconscious outside his home
in Ouachita Parish. [Doc. No. 10, Exh. A].  Deputy Reginald Smith ("Deputy Smith"), of the
Ouachita Parish Sheriff's Office, was assigned to investigate the incident.  *Id.*  During the
investigation, Brown identified Plaintiff Roderick Burks and another individual as his assailants.
*Id.*  Plaintiff alleges that Brown falsely accused him, evidenced by the fact that Plaintiff was
working in Houston, Texas, when the assault occurred.  [Doc. No. 1, p. 2].

On April 19, 2012, Deputy Smith submitted an affidavit in support of an application for
an arrest warrant, relaying to the court Brown's allegations that Plaintiff had assaulted him. [Doc.
No. 10, Exh. B].  Based on Deputy Smith's affidavit of probable cause, the Fourth Judicial
District Court for the Parish of Ouachita, State of Louisiana, issued an arrest warrant for Plaintiff
on charges of second degree battery. [Doc. No. 10, Exh. C].  Plaintiff highlights that, at the time

Brown identified Plaintiff,  Deputy Smith knew Brown had a bullet lodged in his brain and that Brown had been recently beaten unconscious. [Doc. No.1, p. 3; *see also* Doc. No. 10, Exh. B]. Based on these facts, and on Plaintiff's verifiable contention that he was working in Houston on the day of the assault, Plaintiff argues that Deputy Smith failed to adequately assess the accuracy of Brown's statements. [Doc. No. 1, p. 3].

Records of the Ouachita Parish Correctional Center ("OCC") indicate that Plaintiff was arrested and booked into OCC on February 5, 2013. [Doc. No. 10, Exh. D].  More than three months later, on May 6, 2013, the Ouachita Parish District Attorney's Office filed a Motion to Dismiss the charges against Plaintiff. [Doc. No. 10, Exh. E].  Plaintiff alleges that he was released from jail **"on or about** May 13, 2013," [Doc. No. 1, p. 2](emphasis added), and that "his freedom from incarceration did not occur until May 13, 2013." [Doc. No. 1, p.4].[1]  Further, Plaintiff claims he was required to "appear in open court on these charges" sometime after his release from custody and that the appearance was not "May 6, **2012** as May 6, 2012 fell on a Sunday." [Doc. No. 12, p.4](emphasis added).[2]

Defendants, on the other hand, citing OCC's Release Report and an affidavit from Deputy Smith, claim Plaintiff was released on May 6, 2013. [Doc. No. 10, Exhs. A & D].  The Release Report included captions for the released prisoner's and releasing officer's signatures, but neither were signed or dated. [Doc. No. 10, Exh. D].  Deputy Smith, in his affidavit, did not aver that he was the custodian of the Ouachita Parish Correctional Center's records or that he had personal

---

[1] Regarding this allegation, it is unclear whether the term "freedom from incarceration" refers to Plaintiff's release from jail or his appearance in open court on the dismissal of charges.

[2] Presumably, Plaintiff means May 6, **2013** because Plaintiff was not in custody in 2012. May 6, 2013, fell on a Monday, not a Sunday, as claimed by Plaintiff.

knowledge of Plaintiff's release date.  [Doc. No. 10, Exh. A].

On May 12, 2014, Plaintiff filed the instant action under 42 U.S.C. § 1983 against Jay Russell, in his individual and official capacity as the Sheriff of Ouachita Parish, and Deputy Smith for "false arrest, false imprisonment, emotional distress, mental anguish, lost wages, impairment of earning capacity, loss of reputation, humiliation and embarrassment, and all such other damages as will be more fully shown at trial." [Doc. No. 1, p. 5].

On October 21, 2014, Defendants filed a Motion for Summary Judgment.  Plaintiff filed a deficient Opposition Memorandum on November 6, 2014.  [Doc. No. 12], and failed to rectify the deficiencies within the applicable deadline. [Doc. No. 14].

## II.   LAW AND ANALYSIS

### A.    Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving

party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477 U.S. at 255.  However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986)).

### B.    Competent Summary Judgment Evidence

Rule 56(c) of the Federal Rules of Civil Procedure dictates that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)**.**  Since the principles governing admissibility of evidence do not change on a motion for summary judgment, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment. *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)**.**  Accordingly, summary judgment affidavits cannot be based on inadmissible hearsay.  *Joe Regueira, Inc. v. Am. Distilling Co.*, 642 F.2d 826, 830 (5th Cir. 1981).

Hearsay constitutes an out of court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c)(2). The OCC document constitutes hearsay because it attempts to establish that Plaintiff was released on May 6, 2013. Deputy Smith's affidavit does not salvage the Release Report under the business records exception to the hearsay rule because nothing in the record indicates that he is the records "custodian" or is

4

another "qualified witness;" nor is his affidavit otherwise competent summary judgment evidence because he does not aver that he has the "personal knowledge" of Plaintiff's release date as required by FED. R. CIV. P. 56(c).

Rule 803(6), commonly referred to as the business records exception,  provides in pertinent part that:

> A record . . .  [is excepted from the hearsay rule] if:
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, . . . ; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

To establish the proper predicate for admission of business records under FED. R. EVID. 803(6), the witness who testified to the authenticity of the documents must be either the custodian of the records or a qualified witness. *Coughlin v. Capitol Cement Co.*, 571 F.2d 290 (5th Cir. 1978).   A qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met.  *United States v. Brown,* 553 F.3d 768, 792 (5th Cir. 2008).

In *U.S. Commodity Futures Trading Comm'n v. Dizona*, 594 F.3d 408, 416 (5th Cir. 2010), the Fifth Circuit held that spreadsheets of disputed commodity trades were not admissible under business records exception because the individual attempting to present the spreadsheets was  neither qualified as the custodian of the records nor as "another qualified witness."  The witness did not have

any personal knowledge of the facts recorded, did not interview anyone with knowledge of the facts, and admitted that she did not know whether the spreadsheets were made by someone with knowledge of the trades at issue. *Id.* Further, she did not testify that she had  knowledge of how the spreadsheets were formed. *Id.*

The Release Report is hearsay and, to be admissible, must come in under a recognized exception.  Similar to the witness in *Dizona,* Deputy Smith does not appear to qualify as a 803(6) "custodian" or as "another qualified witness."  He does not aver that he was present when  Plaintiff was released, does not aver that he is the records custodian, does not aver that he interviewed the actual OCC records custodian regarding the veracity of the report, and does not aver that he has knowledge of how the records were formed.

Even if Deputy Smith could otherwise qualify as a witness, his affidavit would not enable the Release Report to satisfy the business records exception because he does not indicate that the record was made near the time Plaintiff was released; nor does he aver that he had personal knowledge of Plaintiff's release date, merely that "Sheriff's office records show that "Plaintiff was released from OCC . . . on May 6, 2013." [Doc. No. 10, Exh. A, p. 2].  Finally, he did not aver that such records were made in the ordinary course of OCC's business, as required by the rule.[3]

Consequently, the release report and accompanying affidavit are not competent summary judgment evidence and, for purposes of their prescription argument, Defendants have not established that Plaintiff was released from OCC on May 6, 2013.  Defendants' Motion for Summary Judgment

_____

[3] The Court recognizes that the Release Report may be admissible under FED. R. EVID. 803(8)(the "public records exception").  However, for many of the same reasons that the Release Report is currently inadmissible under the business records exception, the document is also inadmissible under the public records exception.

is accordingly DENIED.

MONROE, LOUISIANA, this 2nd day of December, 2014.


**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**