UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RODERICK BURKS** | **CIVIL ACTION NO. 14-0973** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JAY RUSSELL, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

<u>RULING</u>

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Roderick Burks ("Plaintiff") claims he was falsely imprisoned for approximately three months. Plaintiff brought suit against Jay Russell, in his individual and official capacity as the Sheriff of Ouachita Parish and Deputy Reginald Smith ("Defendants").

Pending before the Court is Defendants' Renewed Motion for Summary Judgment. [Doc. No. 23]. Plaintiff filed an opposition memorandum. [Doc. No. 25]. Defendants did not reply.

The dispositive issue is whether Plaintiff's claims have prescribed. It is undisputed that this action is subject to a one-year prescriptive period and that Plaintiff initiated suit on May 12, 2014. Because Defendants have presented unrebutted, competent summary judgment evidence showing that the prescription period began to run on May 6, 2013, more than one year before Plaintiff filed suit, Defendants' Motion for Summary Judgment is GRANTED.

**I.     FACTS AND PROCEDURAL BACKGROUND**

On April 15, 2012, Cameron Brown ("Brown") was beaten unconscious outside his home in Ouachita Parish. [Doc. No. 10, Exh. A]. Deputy Reginald Smith ("Deputy Smith"), of the Ouachita Parish Sheriff's Office, was assigned to investigate the incident. *Id.* During the

investigation, Brown identified Plaintiff and another individual as his assailants. *Id.*

On April 19, 2012, Deputy Smith submitted an affidavit of probable cause, and the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, subsequently issued an arrest warrant for Plaintiff on charges of second degree battery. [Doc. No. 10, Exh. C]. Records of the Ouachita Parish Correctional Center ("OCC") show Plaintiff was arrested and booked into OCC almost one year later, on February 5, 2013. [Doc. No. 10, Exh. D]. On May 6, 2013, approximately three months after Plaintiff was arrested, the Ouachita Parish District Attorney's Office filed a motion to dismiss the charges. [Doc. No. 10, Exh. E].

Plaintiff alleges that he was released from jail **"on or about May 13, 2013**," [Doc. No. 1, p. 2] (emphasis added), and that "his freedom from incarceration did not occur until May 13, 2013." [Doc. No. 1, p.4].[1] Further, Plaintiff claims he was required to "appear in open court on these charges" sometime after his release from custody and that the appearance was not "**May, 6, 2012** as May 6, 2012 fell on a Sunday." [Doc. No. 12, p.4] (emphasis added).[2]

Defendants, on the other hand, citing OCC's Release Report, claim Plaintiff was released on May 6, **2013**, which fell on a Monday. [Doc. No. 10, Exh. D] (emphasis added).

On May 12, 2014, Plaintiff filed the instant action under 42 U.S.C. § 1983 against Defendants. [Doc. No. 1, p. 5]. On October 21, 2014, Defendants filed a Motion for Summary Judgment, contending that Plaintiff's claims had prescribed. [Doc. No. 10].

On December 2, 2014, this Court issued a Memorandum Ruling, denying Defendants'

---

[1] Regarding this allegation, it is unclear whether Plaintiff claims "freedom from incarceration" means release from jail or his appearance in open court.

[2] Presumably, Plaintiff means May 6, **2013** because Plaintiff was not in custody in 2012. May 6, 2013, fell on a Monday, not a Sunday as claimed by Plaintiff.

Motion for Summary Judgment on grounds that the Defendants had failed to verify the Release Report as a business records exception to the hearsay rule. [Doc. No. 16].

On March 19, 2015, Defendants filed a Renewed Motion for Summary Judgment [Doc. No. 23], attaching the Affidavit of Treshan Breaux, a Deputy in the Ouachita Parish Sheriff's Department who oversees the Department's record keeping. [Doc. No. 23, Exh. F, Breaux Affidavit, p. 1, ¶ 1]. She avers that the Release Report was made in the regular course of OCC's activities and contemporaneously with Plaintiff's release from OCC. *Id.* at p. 2, ¶¶ 10 & 11.

On April 8, 2014, Plaintiff filed a memorandum in opposition [Doc. No. 25]. Defendants did not reply.

**II.   LAW AND ANALYSIS**

**A.   Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party

to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986)).

    B.    **Prescription**

Defendants argue that Plaintiff's § 1983 claims have prescribed because the OCC Release Report indicates Plaintiff was released on May 6, 2013, and Plaintiff did not file suit until over one year later, on May 12, 2014.

There is no federal statute of limitations governing § 1983 actions; thus, the forum state's personal-injury limitations period controls. *Wallace v. Kato*, 549 U.S. 384 (2007). In Louisiana, tort actions "are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." LA. CIV. CODE art. 3492; *see also Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989) ("Article 3492 governs suits for delictual actions, and has been applied . . . as the pertinent statute of limitations for § 1983 actions against Louisiana state officials.").

A cause of action "for false imprisonment, which includes a claim for false arrest, arises on the day upon which the plaintiff is imprisoned and released." *Matthews v. City of Bossier City*, 42-202 (La.App. 2 Cir. 8/15/07); 963 So.2d 516. Therefore, Plaintiff must have initiated this action within one year of his release to avoid prescription.

*1. Hearsay and the Business Records Exception*

Plaintiff argues that there are genuine factual issues as to his release date because the OCC document indicating his May 6, 2013 release is hearsay and does not constitute competent summary evidence, apparently on the grounds that Breaux is not a "qualified witness" under FED. R. EVID. 803(6) because she does not have personal knowledge of the events surrounding Plaintiff's arrest and release.

The business records exception to the hearsay rule, contained in FED. R. EVID. 803(6), provides in relevant part, that:

> A record . . . [is excepted from the hearsay rule] if:
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, . . . ; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

To be admissible, the proposed record must have been made in the course of, and as a regular practice of, a regularly conducted organizational activity, which can be established by a custodian or "another qualified witness." *Gulf S. Mach., Inc. v. Kearney & Trecker Corp.*, 756 F.2d 377, 381 (5th Cir. 1985); *Coughlin v. Capitol Cement Co.*, 571 F.2d 290 (5th Cir. 1978). A qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of the Rule are met. *United States v. Brown,* 553 F.3d 768, 792 (5th Cir. 2008). The witness need not have personal knowledge of the actual creation of the document for the document

5

to be admissible. *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990). However, the record must have been created by persons with knowledge of the facts recorded. *S. Fid. Ins. Co. v. Martin*, CIV.A. No. 13-0496, 2013 WL 6665579, at *10 (E.D. La. Dec. 17, 2013) (citing 5 J. WEINSTEIN & M. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 803.8[4]).

The Release Report, although hearsay, qualifies as a business record and conclusively establishes that Plaintiff was released on May 6, 2013. Breaux, who meets the requirements of a "qualified witness" under FED. R. EVID. 803(6)(D),[3] avers that Deputy Michael Jones oversaw Plaintiff's release and made the Report, which states that Plaintiff was released on May 6, 2013. [Doc. No. 28-8, Breaux Affidavit, p, 2, ¶ 12]. Breaux also avers that such reports "are made in the regular practice of processing an inmate release from OCC." [Doc. No. 28-8, Breaux Affidavit, p. 2, ¶ [sic] 11]. Moreover, Plaintiff signed and dated a document acknowledging receipt of his property upon release. [Doc. No. 23-9, Exh. H, Inmate Acknowledgment]. Plaintiff dated his signature "May 6, 2013," does not dispute that it is his signature,[4] or challenge the document's admissibility.

Additionally, Plaintiff has failed to present competent evidence that he was released on any day other than May 6, 2013. He merely makes the unsubstantiated approximation that he was released "[O]n or about May 13, 2013." [Doc. No. 1, Plaintiff's Complaint, p. 2, ¶ 4]. Thus, Plaintiff has failed to raise a genuine issue of material fact for trial that he was released within one

---

[3] Breaux avers that she is OCC's "administration and classification record-keeping officer" and is the custodian of OCC's records. [Doc. No. 28-8, Breaux Affidavit, p, 1, ¶ 1].

[4] Plaintiff does aver that he did "not recall signing a document on May 6, 2013 acknowledging being actually released from physical custody." [Doc. No. 25-1, Plaintiff's Affidavit, p. 3, ¶ 14]. An absence of recollection, however, does not create a factual issue that he did not sign and date the document.

year of the date he filed suit.

### 2. *Double Jeopardy*

Plaintiff also argues his claim has not prescribed because "double jeopardy doesn't attach until after dismissal," and, therefore, his action did not accrue until after the charges against him were formally dropped. [Doc. No 25, Plaintiff's Opposition Memorandum, p. 5]. Conveniently, Plaintiff avers, "to the best of his recollection," his battery charges were formally dropped sometime after "May 13, 2013." [Doc. No. 25-1, Plaintiff's Affidavit, p. 2, ¶ 6].

The statute of limitations begins to run in "an action for false imprisonment when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (internal citations omitted). Therefore, the applicable one-year statute of limitations commenced on the date Plaintiff was released from OCC.

Presumably, Plaintiff rests his "double jeopardy" argument on *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that deferred accrual applies, in certain circumstances, to the date when the charges underlying a § 1983 plaintiff's claim are formally dismissed). The *Heck* Court, however, narrowly held that accrual in a § 1983 action is deferred to the date charges are formally dismissed "**only** when there exists a conviction or sentence that has not been invalidated." *Kato*, 549 U.S. 384, (quoting *Heck,* 512 U.S. at 487) (emphasis added). The *Kato* Court recognized the absurdity of beginning the statute of limitations on the date double jeopardy attaches in all cases, reasoning that such a rule would require courts "to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict." *Kato,* 549 U.S. at 393.

The *Heck* rule does not apply here because Plaintiff was never prosecuted or convicted.

Rather, as clarified by *Kato,* Plaintiff's cause of action accrued on the date he was released from OCC. Because Defendants have conclusively shown Plaintiff was released on May 6, 2013, Plaintiff's claims have prescribed. Accordingly, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

    MONROE, LOUISIANA, this 21st day of May, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE